# UNITED STATES ARMY COURT OF CRIMINAL APPEALS

Before
YOB, KRAUSS, and BURTON
Appellate Military Judges

**UNITED STATES, Appellee**
**v.**
**Private First Class ORSON B. PORTER, Jr.**
**United States Army, Appellant**

ARMY 20110489

Headquarters, Fort Drum
Andrew J. Glass, Military Judge
Colonel Michael O. Lacey, Staff Judge Advocate

For Appellant: Colonel Patricia A. Ham, JA; Lieutenant Colonel Imogene M. Jamison, JA; Major Jacob D. Bashore, JA; Captain A. Jason Nef, JA (on brief).

For Appellee: Lieutenant Colonel Amber J. Roach, JA; Major Catherine L. Brantley, JA; Captain Edward J. Whitford, JA (on brief).

11 March 2013

---------------------------------
SUMMARY DISPOSITION
---------------------------------

YOB, Senior Judge:

A military judge, sitting as a general court-martial, convicted appellant, pursuant to his pleas, of two specifications of absence without leave, one specification of disrespect towards a noncommissioned officer, six specifications of failure to obey a lawful order, three specifications of assault consummated by a battery, and one specification of disorderly conduct, in violation of Articles 86, 91, 92, 128, and 134, Uniform Code of Military Justice, 10 U.S.C. §§ 886, 891, 892, 928, 934 (2006) [hereinafter UCMJ].[1] The military judge sentenced appellant to be

---

[1] Following arraignment, pursuant to a pretrial agreement, the government moved to dismiss other charges against appellant that alleged: one specification of failure to obey a lawful order, one specification of assault consummated by a battery upon a child under the age of 16 years, three specifications of child endangerment, and one specification of communicating a threat to a child under 16 years of age, in violation of Articles 92, 128, and 134, UCMJ.

discharged from the service with a bad-conduct discharge, confinement for thirty-three months, and reduction to the grade of E-1. The convening authority approved only so much of the sentence as included a bad-conduct discharge, confinement for thirteen months, and reduction to the grade of E-1.[2]

This case is before the court for review under Article 66, UCMJ. Appellant raises one assignment of error, alleging that dilatory post-trial processing of his case warrants relief. This court also considered matters appellant raised pursuant to *United States v. Grostefon*, 12 M.J. 431 (C.M.A. 1982), and determined they are without merit. However, while not raised as error by appellant, we note that the facts contained in the record, including the stipulation of fact and providence inquiry related to Specifications 3 and 5 of Additional Charge II, fail to establish a factual basis to support appellant's plea of guilty to violations of failing to obey lawful orders under Article 92, UCMJ.

We first address appellant's allegation of dilatory post-trial processing. In this case there were 217 days of post-trial processing time attributable to the government from the end of trial to convening authority action. Delay that exceeds 120 days is presumptively unreasonable and triggers further analysis under the factors laid out in *Barker v. Wingo*, 407 U.S. 514 (1972), to determine whether there was a due process violation of appellant's right to a speedy post-trial review and appeal. *United States v. Moreno*, 63 M.J. 129, 142 (C.A.A.F. 2006). The applicable *Barker* factors include: (1) length of delay; (2) the reasons for the delay; (3) the appellant's assertion of timely review and appeal; and (4) prejudice. *United States v. Jones*, 61 M.J. 80, 83 (C.A.A.F. 2005). We conduct a de novo review of speedy trial issues. *United States v. Cooper*, 58 M.J. 54, 58 (C.A.A.F. 2003).

Even though the length of delay for post-trial processing was presumptively unreasonable, no other factor supports a due process violation claim. The government provided a reasonable explanation for the delay. Despite numerous opportunities to do so, appellant never asserted the right to speedy post-trial processing prior to appeal. Finally, appellant fails to demonstrate any prejudice suffered as a result of the post-trial delay. We therefore find no due process violation based on unreasonable delay in post-trial processing. Further, under these circumstances, we do not find the length of post-trial processing calls into question the appropriateness of the sentence as approved by the convening authority. *See generally United States v. Tardif*, 57 M.J. 219 (C.A.A.F. 2002); *United States v. Ney*, 68 M.J. 613 (Army Ct. Crim. App. 2010).

---

[2] The convening authority waived automatic forfeitures for a period of six months with the direction that the funds be paid for the benefit of appellant's dependents in the care of his wife. The convening authority also credited appellant with sixty-one days confinement for pretrial confinement.

Next, we address whether there is a substantial basis in law or fact to question appellant's plea to Specifications 3 and 5 of Additional Charge II. Here, the government charged appellant with two specifications of failing to obey a lawful order under Article 92, UCMJ. However, the orders were each styled as a "Condition on Liberty," and each stated they were predicated on the commander's reasonable belief that appellant had committed violations of the UCMJ that warranted the actions. We find, pursuant to the ultimate offense doctrine, that the evidence in the record related to these specifications may only support a finding of guilty for the Article 134, UCMJ, offense of breaking restriction.

The offense of breaking restriction, as described in Article 134, UCMJ, contemplates a lawful order, to an accused, the substance of which is restriction to remain within certain limits. The term "restriction" includes restriction imposed under Rule for Courts-Martial [hereinafter R.C.M.] 304(a)(2), which governs restriction in lieu of arrest as a form of pretrial restraint and includes an order from a commander directing a service member to remain within specified limits. *Manual for Courts-Martial*, *United States* (2008 ed.), pt. IV, ¶ 102.c.

The restriction issued by appellant's commander on 8 February 2011 constituted pretrial restraint in that it was "moral or physical restraint on a person's liberty which [was] imposed before and during disposition of offenses." R.C.M. 304(a). The second order issued by the commander on 15 February 2011, was in direct response to appellant's violation of the first order, and served to impose additional restriction upon appellant in accordance with R.C.M. 304(a)(2). Thus, these orders qualify precisely as elements of breaking restriction offenses.[3] The providence inquiry and stipulation of fact gave no indication that the commander intended to invest these restrictions with "the full authority of his office" to "lift [the duty to remain within certain limits] above the common ruck." *United States v. Loos*, 4 U.S.C.M.A. 478, 480–81, 16 C.M.R. 52, 54–55 (1954).

The "ultimate offense" in question was breaking restriction, not violation of a lawful order. *See United States v. Traxler*, 39 M.J. 476, 478 (C.M.A. 1994); *United States v. Peaches*, 25 M.J. 364, 366 (C.M.A. 1987); *United States v. Bratcher*, 18 U.S.C.M.A. 125, 39 C.M.R. 125 (1969). In addition, the offense of breaking restriction cannot be considered a lesser-included offense of violating a lawful order; so this court is not free to substitute the former for the latter. *See generally United States v. Jones*, 68 M.J. 465, 472 (C.A.A.F. 2012). Therefore, we find a substantial basis in law and fact to reject appellant's plea of guilty to Specifications

---

[3] We note that appellant's commander ordered him into pretrial confinement from 4–8 February 2011, but apparently released him on the belief that lesser forms of restraint, including the restriction imposed on 8 February 2011, would be adequate. Following appellant's violation of the 15 February 2011 restriction, he was placed in pretrial confinement from 25 March 2011 until his trial date.

3 and 5 of Additional Charge II and set aside the finding of guilty. *See United States v. Inabinette*, 66 M.J. 320 (C.A.A.F. 2008).

On consideration of the entire record, the findings of guilty as to Specifications 3 and 5 of Additional Charge II are set aside and dismissed. The remaining findings of guilty are AFFIRMED. Reassessing the sentence on the basis of the error noted, the entire record, and in accordance with the principles of *United States v. Sales*, 22 M.J. 305 (C.M.A. 1986), and *United States v. Moffeit*, 63 M.J. 40 (C.A.A.F. 2006), to include the factors identified by Judge Baker in his concurring opinion in *Moffeit*, the sentence as approved by the convening authority is AFFIRMED.

Judge KRAUSS and Judge BURTON concur.

FOR THE COURT:

MALCOLM H. SQUIRES, JR.
Clerk of Court